UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| SUE JO MORRIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:05-cv-34-RLY-WGH |
| | ) | |
| UNITED PARCEL SERVICES, INC., and | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| TEAMSTERS UNION LOCAL 710, | ) | |
|     Defendants. | ) | |
| | ) | |

**ORDER ON DEFENDANT INTERNATIONAL BROTHERHOOD OF
TEAMSTERS UNION LOCAL 710's MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant International Brotherhood of Teamsters Union Local 710's ("Local 710") Motion for Summary Judgment.  For the reasons set forth below, the motion is **GRANTED**.

**I.    Facts**

1. At all relevant times, Plaintiff was employed by United Parcel Service ("UPS"). (Defendant's Exhibit A, Complaint Count I, ¶ 4).

2. At all relevant times, Plaintiff was a member of Local 710.  (Defendant's Exhibit A, Complaint Count III, ¶ 2).

3. At all relevant times, Local 710 and UPS were parties to a collective bargaining agreement.  (Defendant's Exhibit A, Complaint Count III, ¶ 2; Exhibit B).

4. On August 21, 2003, in the course of her employment, Plaintiff was involved in an

       automobile accident that resulted in a fatality. (Defendant's Exhibit A, Complaint Count I, ¶ 6).

5. On January 21, 2004, Plaintiff was terminated by UPS for gross negligence resulting in the accident of August 21, 2003. (Defendant's Exhibit C).

6. On January 21, 2004, Defendant Local 710 filed a timely grievance protesting Plaintiff's termination. (Defendant's Exhibit D).

7. Pursuant to the terms of the Defendant's collective bargaining agreement, the grievance protesting Plaintiff's termination was advanced to the UPS Local 710 Grievance Committee ("Joint Grievance Committee"). (Defendant's Exhibit B at 43).

8. On April 30, 2004, the grievance protesting Plaintiff's termination was presented to the Joint Grievance Committee. (Defendant's Exhibit E).

9. Prior to the close of evidence, Plaintiff stated on the record that she had placed everything into the record that she wanted. (Defendant's Exhibit E at 39-40).

10. Prior to the close of evidence, Plaintiff stated on the record that she had been properly represented by Defendant Local 710. (Defendant's Exhibit E at 39-40).

11. On April 30, 2004, the Joint Grievance Committee upheld Plaintiff's termination. (Defendant's Exhibit E at 40; Defendant's Exhibit F).

12. On April 30, 2004, Plaintiff was present when the Joint Grievance Committee upheld her termination. (Defendant's Exhibit E; Affidavit of Gerald Pauli ("Pauli Aff." ¶ 4).

13. A unanimous decision reached by the Joint Grievance Committee is final and binding. (Defendant's Exhibit B at 43).

14. On April 30, 2004, Plaintiff signed an acknowledgment that states:

> I acknowledge that I have had the opportunity to speak during these proceedings on behalf of my grievance and I further acknowledge that all the evidence that I care to present in support of my grievance has been presented and I am satisfied with the representation I have received from the Union.

(Exhibit D, Pauli Aff. ¶¶ 5-6).

15. On January 12, 2005, Plaintiff filed her Complaint against Local 710. (Exhibit A).

## II.    Discussion

Count III of Plaintiff's Complaint is entitled negligent union representation. Essentially Plaintiff alleges that Local 710 violated various provisions of the collective bargaining agreement and in so doing did not provide her with adequate union representation. Thus, her claims are governed by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").

The statute of limitations period on a claim brought under section 301 of the LMRA is six months. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983). The six month statute of limitations period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation or that no further action would be taken on the grievance. *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983), *cert. denied*, 464 U.S. 1070 (1984); *Spalding v. Communication Workers of America*, 756 F.Supp. 1151, 1154 (S.D.

Ind. 1991).

The evidence reflects that the Joint Grievance Committee upheld Plaintiff's termination on April 30, 2004. Plaintiff was present and was aware or should have been aware that the Joint Grievance Committee's decision was final and binding and no further action could be taken on her behalf. Consequently, Plaintiff should have filed her cause of action on or before October 30, 2004. Instead, Plaintiff filed her claim approximately eight and one-half months after she was notified of the Joint Grievance Committee's decision, after the statute of limitations expired.

Plaintiff attempts to circumvent the statute of limitations by invoking the doctrine of equitable tolling. That doctrine "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence [s]he is unable to obtain vital information bearing on the existence of h[er] claim." *Chapple v. National Starch and Chemical Co. and Oil*, 178 F.3d 501, 505 (7th Cir. 1999). "However, if a reasonable person in the plaintiff's position would have been aware within the limitations period of the possibility that its rights have been violated, then equity does not toll the limitations period." *Id*. "[T]olling requires a showing that the plaintiff exercised continuous diligence and brought the suit as soon as it was practicable." *Id*.

Here, Plaintiff was present at the April 30, 2004 Grievance Committee hearing, and knew or should have known that her grievance had been denied and that no further action would be taken. Therefore, the essential facts relevant to her claim took place on April 30, 2004. *See Freeman v. Local 135, Teamsters*, 746 F.2d 1316, 1319 (7th Cir.

1984).  In addition, Plaintiff has failed to show that Local 710 withheld vital information or made false or misleading representations relevant to her claim, causing her to miss the statute of limitations.  Lastly, during the six month limitations period, Plaintiff had every opportunity to discover and preserve her legal rights against the union.  Therefore, the doctrine of equitable tolling is inapplicable.

Because Plaintiff failed to file the instant action within the six month statute of limitations applicable to claims brought under the LMRA, Plaintiff's claim must be dismissed.

### III.   Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED** this   8th    day of March 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Nelson D. Alexander
LOCKE REYNOLDS LLP
nalexander@locke.com

Margaret Ann Angelucci

ASHER GITTLER GREENFIELD & D'ALBA LTD
maa@ulaw.com

Ivan A. Arnaez
CLOUSE LAW OFFICES
jdcmjs@aol.com

John D. Clouse
CLOUSE LAW OFFICES
jdcmjs@aol.com

Ellen Marie Girard
QUARLES & BRADY LLP
egirard@quarles.com

Marvin Gittler
ASHER GITTLER GREENFIELD & D'ALBA LTD
mg@ulaw.com

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE
wgroth@fdgtlaborlaw.com

John Allen Klages
QUARLES & BRADY LLC
jk2@quarles.com